IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD WYATT, and<br>BILLIE WYATT,<br><br>    Plaintiffs,<br><br>v.<br><br>LIBERTY MORTGAGE CORPORATION,<br>et. al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    No. 4:13-cv-00317-DGK<br>)<br>)<br>)<br>)<br>) |

## ORDER

This case arises from the non-judicial foreclosure sale of Plaintiffs Richard and Billie Wyatt's ("Plaintiffs'") residence in Blue Springs, Missouri. On February 1, 2013, prior to the foreclosure sale, Plaintiffs filed a pro se petition in the Circuit Court of Jackson County, Missouri against Defendants Liberty Mortgage Corporation ("Liberty"), Branch Banking and Trust Company ("Branch Banking"), and Millsap & Singer, P.C. ("Millsap") (collectively the "Defendants"), raising claims for quiet title (Count I), declaratory judgment (Count II), and malicious prosecution and breach of fiduciary duty (Count III). Shortly thereafter, Defendants removed this case by invoking the Court's diversity jurisdiction, claiming Plaintiffs fraudulently joined Missouri resident Millsap to prevent removal.

Now before the Court are Plaintiffs' Motion to Remand (Doc. 9), Plaintiffs' "Motion for Stay of Associate Court Proceedings or to Consolidate Proceedings" (the "Motion to Stay") (Doc. 12), Defendants two motions to dismiss (Docs. 2 & 6), and Defendants' "Motion to Strike Plaintiffs' Amended Petition" (the "Motion to Strike") (Doc. 15). For the reasons discussed below, Plaintiffs' Motion to Remand and Motion to Stay are DENIED. Because the Court

construes Plaintiffs' submission of the Amended Petition (Doc. 14) as a motion for leave to amend their complaint, which is GRANTED, Defendants' motions to dismiss and Motion to Strike are DENIED as moot.

## Factual Background

The pertinent facts are as follows.[1] On or before June 2, 2009, Plaintiffs purchased a home in Blue Springs, Missouri. As part of the transaction, Plaintiffs executed a promissory note (the "Note") and deed of trust (the "Deed") naming Liberty as the lender and Charterland Title, LLC as the trustee.[2] The Deed provided Liberty with a security interest in Plaintiffs' home to ensure the repayment of the $160,459.00 loan Liberty purportedly[3] extended to Plaintiffs to purchase the property. At some point prior to foreclosure, defendant Branch Banking was named as the loan servicer and defendant Millsap was appointed as the successor trustee under the Deed.

On January 28, 2013, after Plaintiffs purportedly defaulted on their obligations under the Note, Millsap notified Plaintiffs that the house would be sold at a foreclosure sale on February 20, 2013. Shortly thereafter, on February 1, 2013, Plaintiffs filed a three-count complaint in the Circuit Court of Jackson County, Missouri, against Liberty, Branch Banking, and Millsap alleging claims for quiet title (Count I), a declaratory judgment that Liberty lacked standing to enforce the Note and Deed (Count II), malicious prosecution (Count III), and breach of fiduciary duty (Count III). Millsap conducted the foreclosure sale as planned on February 20, 2013, and

---

[1] The Court obtained the relevant substantive and procedural facts from (Doc. 1), (Doc. 1-1), (Doc. 8), (Doc. 9), and (Doc. 11).

[2] It is unclear the exact date on which Plaintiffs executed the Note and Deed. The parties state that these documents were completed on June 2, 2009. However, a purported copy of the Deed attached to one of Defendants' filings (Doc. 8) reveals that Plaintiffs executed the Deed on May 22, 2009.

[3] The parties dispute whether Liberty actually provided Plaintiffs with the funding to purchase the home.

Branch Banking purchased the Plaintiffs' home using a credit bid.[4] On February 28, 2013, Plaintiffs served Liberty with a summons for the lawsuit filed in Jackson County, Missouri.

On March 29, 2013, with consent of Branch Banking and Millsap, Liberty removed the case to this Court under 28 U.S.C. §§ 1332, 1441. For purposes of determining diversity jurisdiction, the parties agree that Liberty is a citizen of Georgia, Branch Banking is a citizen of North Carolina, and Millsap and Plaintiffs are citizens of Missouri.

## Standard of Review

An action may be removed by the defendant where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). To invoke the court's diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). However, under the "no-local defendant" rule, even where there is complete diversity, a suit cannot be removed if one of the defendants who is properly joined and served is a citizen of the state where the lawsuit was filed. 28 U.S.C. § 1441(b)(2).

"Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Joinder is fraudulent where it is clear that "the applicable state precedent precludes the existence of a cause of action against

---

[4] A credit bid allows the note holder to acquire the secured property at a foreclosure sale by bidding the amount of indebtedness on the underlying promissory note.

the defendant." *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003). "However, if there is a colorable cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* (citation omitted). Thus, "joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Filla*, 336 F.3d at 810 (internal quotation marks omitted). The removing party bears the "substantial" burden of proving the alleged fraud. *Dorsey v. Sekisui Am. Corp.*, 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999).

In determining whether diversity exists, the court disregards the nominal parties and rests jurisdiction upon the citizenship of the real parties in interest. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). Nominal parties are generally those without a real interest in the result of the suit or an ownership interest in the funds at issue, or those named merely as the holder of the stakes between the plaintiff and the defendant. "The 'real party in interest' is the person who, under governing substantive law, is entitled to enforce the right asserted, and in a diversity case, the governing substantive law is ordinarily state law." *Iowa Pub. Serv. Co. v. Med. Box Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977). A defendant's citizenship may be disregarded when it is clear that the defendant (1) is neither necessary nor indispensable, (2) has no stake in the litigation, and (3) has no real, present claims for relief sought against it. *Mundle v. Linde, LLC*, No. 4:10-cv-2116-DDN, 2011 WL 1526965, at *2 (E.D. Mo. 2011).

In considering a motion to remand, the district court must strictly construe the removal statute and resolve all doubts in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**Discussion**

**I.      Diversity jurisdiction exists in this case.**

   **A. The Court ignores Millsap's citizenship for purposes of determining whether diversity jurisdiction exists.**

Plaintiffs contend that every count against Millsap in their complaint has a reasonable basis in law and fact, thus Millsap was properly joined in this lawsuit. Defendants counter that the Court should ignore Millsap's citizenship when determining diversity jurisdiction because (1) Plaintiffs fraudulently joined Millsap under some claims; and (2) Millsap is a nominal party to the other claims.

   **1. Plaintiffs fraudulently joined Millsap under the quiet title claim, and Millsap is a nominal party to a quiet claim.**

In Count I, Plaintiffs allege that they are entitled to quiet title declaratory relief because Liberty and Branch Banking lacked the authority to foreclose on the property. Plaintiffs specifically allege that both the Note and Deed are void because Liberty failed to provide Plaintiffs the funds to purchase the property. Due to the invalidity of the Note and Deed, Plaintiffs allege that Millsap lacked the authority under the Deed to foreclose on the property.

Under Missouri law, any person claiming title or interest in real property "may institute an action against any person or persons having or claiming to have any title, estate or interest in such property...." Mo. Rev. Stat. § 527.150(1). To succeed on a claim for quiet title, a plaintiff must prove: (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises; and (3) such claim is adverse and prejudicial to plaintiff. *See Howard v. Radmanesh*, 586 S.W.2d 67, 68 (Mo.Ct.App. 1979) (citing *Randall v. St. Albans Farms, Inc.*, 345 S.W.2d 220, 221 (Mo. 1961)). "A plaintiff in an action to quiet title has the burden to prove title superior to the other party, not superior to the whole world, and must

prevail on the strength of its own title and not any weakness in the title of the other party." *Ollison v. Village of Climax Springs*, 916 S.W.2d 198, 203 (Mo. banc. 1996).

Here, Plaintiffs fail to state a colorable quiet title claim against Millsap. Plaintiffs only allegation against Millsap in Count I is that Millsap intends to foreclose on the property at the request of the note holder. Similarly, the Deed confirms that Millsap's interest in the property is limited to foreclosing on the property pursuant to the procedures set forth in the Deed. This limited interest in the property was extinguished under the Deed when Millsap completed the foreclosure sale. Without further allegations in the complaint that Millsap either currently claims title to or possesses an independent interest in Plaintiffs' home, there are insufficient facts to support a colorable quiet title claim against Millsap. Because Plaintiffs failed to state a colorable quiet title claim against Millsap, the Court holds that Plaintiffs fraudulently joined Millsap under Count I.

Even if Millsap was not fraudulently joined under Count I, the Court would still ignore its citizenship in determining the existence of diversity jurisdiction because Millsap is a nominal party to this claim. *See Navarro Sav. Ass'n¸* 446 U.S. at 460-61. Under Missouri law, a trustee is neither an indispensable nor necessary party to an action affecting a deed of trust or title to a mortgaged property. *See Caranchini v. Kozeny & McCubbin, LLC,* No. 4:11-CV-0464-DGK, 2011 WL 5921364, at *3 (W.D. Mo. Nov. 28, 2011) ("Since the trustee has no interest in the property, the trustee is not an indispensable party even in proceedings that seek to cancel the deed and take title to the underlying property.") (citing *State ex rel. State Hwy. Comm. v. Thelnor, Inc.*, 485 S.W.2d 443, 445 (Mo. Ct. App. 1972)); *Casper v. Lee*, 245 S.W.2d 132, 138-139 (Mo. banc. 1952) (holding that trustee under a deed of trust was neither a necessary nor indispensable party to a lawsuit in which plaintiff requested the court set aside a foreclosure

sale). Here, Millsap, as trustee under the Deed, is neither an indispensable nor necessary party to this post-foreclosure quiet title action. Furthermore, there is no evidence or allegations that Millsap has any present stake in the quiet title action, nor is there any indication that a real, present claim for quiet title relief exists against Millsap. *See Caranchini*, 2011 WL 5921364, at *3. Accordingly, for the purposes of Count I, the Court ignores Millsap's citizenship.

### 2. Millsap is a nominal party to Plaintiffs' declaratory relief claim.

In Count II, Plaintiffs request a declaratory judgment that Liberty lacks standing to enforce the Note and Deed. Similar to Count I, Plaintiffs allege that Liberty failed to disburse the loan funds, and, thus, the Note and Deed are unenforceable. Consequently, Plaintiffs request a twofold declaration that (1) the Note and Deed are unenforceable, and (2) Millsap cannot foreclose on the property.

Under Missouri law, a party seeking a declaratory judgment "must demonstrate that (1) a justiciable controversy exists and (2) the party has no adequate remedy at law." *Foster v. State*, 352 S.W.3d 357, 359 (Mo. banc. 2011). To prove a justiciable controversy exists, the plaintiff must show: "(1) [he] has a legally protectable interest at stake; (2) a substantial controversy exits between parties with genuinely adverse interests; and (3) that controversy is ripe for judicial determination." *Id.* (internal quotation marks and citations omitted). Due to the justiciable controversy requirement, a court cannot enter declaratory judgment after an issue becomes moot. *See Jacobs v. Leggett*, 295 S.W.2d 825, 835 (Mo. banc. 1956).

With respect to the enforceability declaration, Millsap is merely a nominal party. As discussed more thoroughly above, a trustee, like Millsap, is neither an indispensable nor necessary party in a lawsuit affecting a deed of trust. *Caranchini*, 2011 WL 5921364, at *3. Moreover, the determination of whether the Note or Deed is unenforceable due to a lack of

consideration focuses upon the conduct of Liberty as lender, not Millsap as trustee. Finally, Millsap has no current, genuine interest adverse to Plaintiffs because Millsap's limited interest in the property was extinguished upon consummation of the foreclosure sale. Thus, Millsap is merely a nominal party as it relates to the enforceability of the Note and Deed.

As regards Plaintiffs' request to declare that Millsap *cannot* foreclose on the property, such a decree is moot considering that the foreclosure sale occurred on February 20, 2013 (Doc. 8 at 20). To the extent that Plaintiffs request a declaration that Millsap *lacked* the authority to foreclose on the property, Millsap is neither an indispensable nor necessary party to such a declaration since the allegations are predicated upon the enforceability of the Note and Deed. As noted in the preceding paragraph, the enforceability of the Note and Deed depends on the actions of Liberty, not Millsap. Because Millsap is merely a nominal party to the declaratory judgment claim, the Court ignores its citizenship as it relates to Count II.

### 3. Plaintiffs fraudulently joined Millsap under its claim for malicious prosecution.

Under Count III, Plaintiffs purportedly raise claims for malicious prosecution and breach of fiduciary duty. However, the allegations under this claim are devoid of any facts which would support a colorable claim for malicious prosecution. In order to sustain a claim for malicious prosecution under Missouri law, the plaintiff must demonstrate: "(1) [the] commencement of an earlier suit against plaintiff; (2) instigation of the suit by defendant; (3) termination of the suit in plaintiff's favor; (4) lack of probable cause for the suit; (5) malice by defendant in instituting the suit; and (6) damage to plaintiff resulting from the suit." *Edwards v. Gerstein*, 237 S.W.3d 580, 582-83 (Mo. banc. 2007). Plaintiffs' allegations under Count III fail to satisfy a single element of the malicious prosecution cause of action. Thus, the Court holds that Plaintiffs fraudulently joined Millsap as a party under this claim.

### 4. Plaintiffs fraudulently joined Millsap under its claim for breach of fiduciary duty.

In Count III, Plaintiffs also allege a breach of fiduciary claim against Millsap. Plaintiffs present two primary allegations to support its claim: (1) that Millsap violated its duty to fairly and impartially conduct the foreclosure sale because it markets itself as the exclusive foreclosure attorneys for lenders; and (2) that prior to instituting foreclosure proceedings, Millsap failed to provide Plaintiffs with the Note.

In order to establish a breach of fiduciary duty tort claim under Missouri law, the plaintiff must demonstrate: (1) "a fiduciary duty existed between it and the defending party," (2) "that the defending party breached the duty," and (3) "that the breach caused the proponent to suffer harm." *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 15 (Mo. banc. 2012) (internal quotation marks omitted). In the context of foreclosure proceedings under a deed of trust, a trustee owes "an equal duty of fairness and impartiality to both parties when accepting the direction by the mortgagee to sell the property." *Sparks v. PNC Bank*, 400 S.W.3d 454, 458 (Mo. Ct. App. 2013). Besides these overarching duties, the deed of trust also creates other fiduciary duties based upon the procedures the trustee must follow prior to foreclosure. *See Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. banc. 1974). In absence of the trustee's actual knowledge of unusual circumstances or anything which should legally prevent the foreclosure, the trustee is not required to make an affirmative investigation prior to commencing the foreclosure sale. *Id.*

Here, Plaintiffs have failed to allege a colorable claim for breach of fiduciary duty. As to Plaintiffs' partiality claim, Plaintiffs only allege general facts that Millsap advertises its trustee services to lenders. In absence of any specific allegations regarding how such solicitations affected Millsap's impartiality in Plaintiffs' case or how Plaintiffs suffered damages due to the

lack of impartiality, these general allegations are insufficient to support a claim for breach of fiduciary duty. *See Hallquist v. United Home Loans, Inc.*, No. 11-04265-CV-C-NKL, 2012 WL 1980656, at *4 (W.D. Mo. June 1, 2012) (rejecting same argument). With respect to Plaintiffs' allegation that Millsap breached its fiduciary duty by failing to produce the Note prior to foreclosure, such a claim lacks legal support. Neither Missouri law, *see Hobson v. Wells Fargo Home Mortg.*, No. 2:11-CV-00010-AGF, 2011 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011), nor the Deed, (Doc. 8 at 17), requires the trustee to present a mortgagor with the promissory note prior to initiating foreclosure proceedings. Finally, Plaintiffs fail to make any other factual allegations that Millsap violated any other duties imposed on it by either the Deed or Missouri law. Because Plaintiffs fail to state a colorable claim for breach of fiduciary duty, the Court holds that Millsap was fraudulently joined as party to this claim.

**B. The claims alleged in Plaintiffs' petition satisfy the amount in controversy requirement under 28 U.S.C. § 1332.**

Defendants contend—and Plaintiffs do not dispute—that the amount in controversy exceeds the jurisdictional requirements of $75,000 under 28 U.S.C. § 1332(a). In a quiet title suit which essentially seeks a declaration to prevent or set aside a foreclosure sale, the amount in controversy is determined by value of the property. *McLaughlin v. Mortg. Elec. Registration Sys. Inc.*, No. 11-CV-1864-PHX-JAT, 2012 WL 1520123, at *2 (D. Ariz. May 1, 2012); *see also James Neff Kramper Family Farm P'ship. v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (internal quotation marks and citation omitted). Here, Plaintiffs' Count I claim for quiet title, when restyled to reflect the

procedural posture of this case,[5] essentially seeks a declaration setting aside the foreclosure sale. Thus, the Court considers the value of the property at foreclosure for purposes of determining the amount in controversy. Since the property was sold at the foreclosure sale for $172,846.18 (Doc. 8 at 21), the amount in controversy requirement is satisfied.[6]

Because the Court finds that complete diversity of citizenship exists and the amount in controversy is satisfied, Plaintiffs' Motion to Remand is DENIED.

## II.     Plaintiffs' motion to stay or consolidate is denied as moot.

In their Motion to Stay (Doc. 12), Plaintiffs request that the Court stay a Missouri state court unlawful detainer action filed against them by Branch Banking. In the alternative, Plaintiffs request the Court consolidate the unlawful detainer action with this case. The Court DENIES Plaintiffs' motion as moot because the unlawful detainer action in state court concluded on August 22, 2013, when the court entered summary judgment in Branch Banking's favor (Doc. 13-1 at 1).[7]

---

[5] Plaintiffs initially filed the state complaint for quiet title prior to the foreclosure sale. Defendants were not served—and thus could not remove—until after the foreclosure sale.

[6] The Court would reach the same conclusion if it considered the value of the underlying debt to determine the amount in controversy, *see Garland v. Mortg. Elec. Registration Sys., Inc.*, 2009 WL 1684424, at *2 (D. Minn. June 16, 2009) ("[W]here there is a dispute about the validity of a foreclosure, the amount in controversy will *either* be the amount of the underlying debt or the fair market value of the property.") (emphasis added), because the Deed makes clear that the original loan amount is for $160,459.00 (Doc. 8 at 11).

[7] Even if the motion was not mooted by the final judgment in state court, this Court would lack the authority to either stay the state court action or consolidate it with this current case. First, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state actions, such as an unlawful detainer action, unless the plaintiffs can successfully demonstrate that one of the narrow exceptions apply. *See, e.g., Costanza v. Citimortgage, Inc.*, No. 2:13-CV-1799-KJM-KJN, 2013 WL 5230628, at *2 (E.D. Cal. Sept. 16, 2013) (holding that the Anti-Injunction Act prohibited the federal court from enjoining a parallel state court unlawful detainer action). Here, the Plaintiffs have failed to demonstrate that the requested injunction would fall within one of the narrow exceptions under the Anti-Injunction Act. As regards the request to consolidate the two actions, federal courts only possess the authority to consolidate two actions if both are properly within federal court jurisdiction. *See, e.g., Aparicio v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00495, 2011 WL 5325578, at *7 (D. Utah Oct. 17, 2011) (refusing to grant a consolidation of a state court unlawful detainer action and a federal court suit for wrongful foreclosure). Thus, Plaintiffs' failure to establish federal jurisdiction over the state court unlawful detainer action provides an alternative basis for denying the motion to consolidate.

**III. Plaintiffs are granted leave to file an amended petition and Defendants' motions to dismiss and motion to strike are denied as moot.**

On September 3, 2013, proceeding pro se, Plaintiffs filed an amended complaint, which alleges several new claims and contains further factual enhancement of previous claims (Doc. 14). In response, Defendants filed a Motion to Strike (Doc. 15) the amended complaint because Plaintiffs failed to seek leave of the Court prior to amending the complaint as required under Federal Rule of Civil Procedure ("F.R.C.P") 15(a)(2). While the Court finds Plaintiffs failed to strictly comply with F.R.C.P. 15(a)(2) because they filed the amendment more than 21 days after Defendants filed their first motion to dismiss, the Court treats Plaintiffs' filing as a motion for leave to amend. Given the liberal amendment policy in federal court, Plaintiffs' pro se status, and the fact that discovery has yet to commence, the Court grants Plaintiffs leave to amend the complaint to include those allegations set forth in the Amended Petition (Doc. 14). Consequently, Defendants' motions to dismiss (Docs. 2 & 6) and Defendants' Motion to Strike are DENIED as moot.

**Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 9) and Motion to Stay (Doc. 12) are DENIED. Plaintiffs' motion for leave to amend (Doc. 14) is GRANTED, and the allegations set forth in that document shall constitute Plaintiffs' first amended complaint. Defendants' motions to dismiss (Docs. 2 & 6) and Motion to Strike (Doc. 15) are DENIED without prejudice.

**IT IS SO ORDERED.**

Date: December 19, 2013          /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT